# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHANTALE SIGNEY and, <br> HEROLD SIGNEY, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | Case No.: N20C-10-244 FJJ |
| WILLIAM L. PFAFF, M.D. and <br> LEWES SPINE CENTER, LLC., | ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

Submitted: September 27, 2023
Decided: October 2, 2023

## <u>OPINION AND ORDER</u>

*On Defendants' Motion For Summary Judgment*

**DENIED**

*Leroy A. Tice, Esquire,* 1203 N. Orange Street, Second Floor, Wilmington, Delaware, *Attorneys for Plaintiffs.*

*Jonathan D. Landau, Esquire,* 300 Delaware Avenue, Suite 1110, Wilmington, Delaware, *Attorneys for Defendants.*

**Jones, J.**

# INTRODUCTION

This is a medical malpractice case where the plaintiffs have sued William L. Pfaff ("Pfaff") and his practice, The Lewes Spine Center, LLC, collectively referred to as "Defendants." Pfaff performed two spine surgeries on Chantale Signey on January 8 and 9, 2019. Herold Signey has filed a Loss of Consortium Claim. Chantale and Herold Signey will be collectively referred to as "Plaintiffs." Plaintiffs maintain that the Defendants breached the standard of care during the first surgery and Pfaff should have performed the second surgery sooner. Plaintiffs also maintain that, as a result of the breaches of the standard of care, Ms. Signey is now worse off than she was before either surgery.

Plaintiffs have moved for summary judgment.[1] Defendants maintain that plaintiffs have failed to provide sufficient expert medical evidence on the proximate cause of the injuries to sustain a claim.

## STANDARD OF REVIEW

Summary judgment is appropriate when the record "shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."[2] The moving party bears the burden of establishing the nonexistence of material issues of fact.[3] The burden then shifts to the non-moving party to establish

---

[1] Defendants have also moved for summary judgment on plaintiffs' claims for punitive damages. Plaintiffs did not oppose this request and the Court entered an order granting judgment as to the punitive damage claim.

[2] Del. Super. Ct. Civ. R. 56(c).

[3] *See Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).

the existence of material issues of fact.[4]  In considering the motion, the Court must view the evidence in a light most favorable to the non-moving party and accept the non-movant's version of any disputed facts.[5]

## SUFFICIENCY OF CAUSATION TESTIMONY

Defendants have moved for summary judgment, maintaining that plaintiffs have not provided expert testimony that is sufficient enough to sustain their claims. Specifically, Defendants allege that plaintiffs' expert has not provided evidence that the plaintiffs suffered specific injuries caused by the alleged breaches of the standard of care and, in the alternative, plaintiffs' expert has not provided a percentage of reduced functionality/chance of recovery.

Before liability can be established in a medical malpractice action, a plaintiff must present expert medical testimony as to: 1) the applicable standard of care; 2) the alleged deviation from that standard; and 3) the causal link between the breach of the standard of care and the alleged injury.[6] The proximate cause of an injury must be supported by expert medical testimony.[7] Without the expert testimony, a jury is not permitted to connect the dots between a bare allegation of medical negligence and an injury.[8] Experts must testify to a reasonable degree of medical probability as to all three elements.[9]

---

[4] *See id.* at 681.
[5] *See Merrill v. Crothall-American, Inc.*, 606 A.2d 96, 99-100 (Del. 1992) (internal citations omitted).
[6] *Dishmon v. Fucci,* 2013 WL 2151695 (Del. Super., 2013).
[7] 18 *Del. C.* §6853(e); *Wing v. Bichaco*, 2014 WL 675037, at 6 (Del. Super., 2014).
[8] *Dickenson v. Sopa,* 2013 WL 3482014 (Del. Super., 2013).
[9] *Dishmon* at 7.

Dr. Nicholas Theodore is the plaintiffs' only expert medical witness. Dr. Theodore is a board-certified neurosurgeon with many years of practice at Johns Hopkins hospital in Baltimore, Maryland. Dr. Theodore issued a report dated November 1, 2021. He was deposed on April 6, 2023. At his deposition, Dr. Theodore testified that Pfaff's surgical technique deviated from the standard of care because there was compression present after the first surgical procedure and that a second alleged deviation was due to a delay between the first and second procedure. Defendants, while they disagree that there was a breach of the standard of care, do not quarrel with the sufficiency of this liability opinion in terms of summary judgment. Defendants problem with Dr. Theodore relate to his opinions regarding the proximate cause of the injuries.

In his deposition, Dr. Theodore explained that quantification of the deficits caused by any negligence was difficult for him because it was hard to know whether Ms. Signey would have had them absent a deviation.[10] In talking about quantification, Theodore said, "quantification, again, unfortunately there is subtlety, and this woman is affected in all spheres of her live. So the question is, where are we? How do you quantify that? I do not know".[11] Dr. Nicholas went on to state:

> Q. There is also causation and damage opinions. But as it relates to standard of care, that sort of paraphrases your opinions in this case. He somehow caused this injury during surgery, used a poor surgical manipulation, and failed to

---

[10] *Dr. Theodore's Discovery Deposition*, at 96-100.
[11] *Dr. Theodore's Discovery Deposition*, at 100.

4

timely follow-up on that when he saw neurologic deficits in the postoperative period.

As it relates to standard of care, whether he was reasonable or not, those are the areas that you found him to be unreasonable; correct?

A.    Yes.

Q.    A very blanket statement understanding there are some nuances to this; that had he acted timely and appropriately, Ms. Signey would not have had either, and we'll get into this, or less neurologic deficits than what she has if he had done what he was supposed to do in your opinion; fair?

A.    Yes.

*    *    *

Q.    Okay. Do you have an opinion that you hold to a reasonable degree of medical probability regarding what her neurologic function would have been under the scenario, as opposed to what we actually see in this case because it did take the 12 hours and second one in your opinion didn't adequately address it?

A.    So, I think I would be comfortable saying to a medical degree of reasonable probability that her outcome would have been better than it was.

Q.    Right. Are you able to quantify better in any way?

A.    Quantification is difficult. But improved and markedly improved, yes. But, again, how do we quantify that? I don't know. Perfectly normal? Probably not. But better than she was? Absolutely, yes.[12]

---

[12] *Dr. Theodore's Discovery Deposition*, at 99-100.

Dr. Theodore's testimony is clear that because of the Defendants' actions, the plaintiff is worse off, a result of the Defendants' breach of the standard of care. Delaware law does not require that Dr. Theodore provide a percentage of how much worse the plaintiff is as a result of the Defendants' breach.[13] All that is required under the instant facts is testimony that it is worse. How much worse is a question to be decided by the jury.[14] Dr. Theodore's testimony provides sufficient evidence to meet the causation requirements under Delaware law.[15] Therefore, Defendants' Motion for Summary Judgment is **DENIED**.

      **IT IS SO ORDERED**.

                      /s/ *Francis J. Jones, Jr.*
                      Francis J. Jones, Jr., Judge

cc:    Original to Prothonotary

---

[13] Percentage testimony is required in a "loss of chance" case, *Jerilyn Kardos, et al. v. Scott Harrison, D.O.*, 980 A.2d 1014 (Del.Supr. 2009); *Arlene L. Parker, et al. v. Howard Wilk, M.D., et al*, 2003 WL 21221859 (Del.Super. 2003). This is not such a case.

[14] *Darryl Duphily, et. al. v. Delaware Electric Coop., Inc.,* 662 A.2d 821, 830 (Del.Super. 1995).

[15] Defendants cite to *Lauren Scottoline v. Women First, LLC, et al.,* 2023 WL 2325701 (Del.Super. 2023) and *Barbara A. Mammarella v. Alan B. Evantash, et al.,* 93 A.3d 629 (Del.Supr. 2014). In both cases, there was a complete failure of causation proof. In this case, there is proof on the causation issue.